ESTATE OF RODRIGUEZ ET AL *v.* KORBER ET AL.

APPLICATION for a Writ of Mandamus.

No. 1.—Decided June 25, 1904.

PRELIMINARY INJUNCTION—APPEAL.—A preliminary injunction has effect only pending the decision upon the final injunction; and if the latter is denied, the injunction previously decreed has no legal effect, although an appeal may have been taken from the order denying the final injunction.

STATEMENT OF THE CASE.

By an order of April 12, last, Judge José Tous Soto, of the District Court of San Juan, at the instance of the Estate of José Rodríguez de las Albas and others who applied for an

injunction against Roberto Korber, as manager of Müllenhoff & Korber, for the purpose of staying the proceedings instituted by the latter in the Humacao court against Manuel Argüeso and his wife, Ernestina Frías for the recovery of money secured by mortgage upon plantation "Ingenio", decreed a preliminary injunction, after the filing of a bond for $500, and issued a mandate for the purpose on April 16, aforesaid, and another on the 19th of the same month, complementary of the previous one, directing the marshal of aforesaid court to notify Enrique Roberto Guillermo Korber, in his abovementioned capacity, that, pending a decision upon the injunction applied for, he was enjoined from further prosecuting the execution processes instituted in the Humacao court, one of which was for the recovery of a debt amounting to $83,000, secured by a mortgage upon the plantation "Ingenio", according to deed No. 82, of May 10, 1902, executed before Notary Díaz Navarro, and the other for the recovery of a debt, also secured by mortgage upon the said plantation "Ingenio", amounting to $5,100, which credit was assigned by Messrs. Fritze, Lundt & Co. to Messrs. Müllenhoff & Korber, by deed of August 10, 1902.

After hearing both parties at a session held on the 20th of April aforesaid, Judge Tous Soto in an order of the 2d of May following, denied the preliminary injunction applied for, and left without effect the one granted against the defendants, who were to be personally notified, with costs against the applicants.

From the aforesaid order counsel for the applicants took an appeal, which was allowed for a review and stay of proceedings, without any reservation or limitation.

Counsel for the Estate of José Rodríguez and others has come to this Supreme Court with a written petition dated May 3, last, praying that a peremptory writ of *mandamus* be issued to the District Court of Humacao and to Roberto E. Korber; to the former with order to stay further proceedings

for the execution and sale of plantation "Ingenio," in the foreclosure proceedings instituted by Müllenhoff & Korber against Manuel Argüeso for the recovery of a mortgage debt amounting to $5,100 and interest, assigned by Fritze, Lundt & Co. to the execution creditors according to deed executed before Notary Herminio Díaz Navarro, May 10, 1902; and to the latter, in his capacity as managing partner of Müllenhoff & Korber, enjoining him to abstain from further prosecuting the foreclosure of the mortgage on plantation "Ingenio" in aforesaid executory action. In support of his petition counsel pleaded the provisions of article 387 of the Law of Civil Procedure.

The representative of Enrique Guillermo Korber, as managing partner of the firm of Müllenhoff & Korber, opposed the writ of *mandamus* applied for, alleging, among other reasons, that the injunction had not been decreed with reference to the execution proceedings instituted by virtue of the deed of May 10, 1902, but with reference to the execution proceedings based on the deed of August 10, 1902, and that even on the supposition that the injunction had been decreed with reference to the execution proceedings instituted by virtue of the deed of May 10, 1902, said injunction, upon refusal of the preliminary injunction in the order of May 2, last, was expressly dissolved, and the appeal allowed for review and stay of proceedings, from said order cannot suspend the mandate contained therein, as to the dissolution of the injunction.

At the oral hearing both parties presented such arguments as were deemed most favorable to their respective contentions.

*Mr. José de Guzmán Benítez,* for plaintiffs.

*Mr. Díaz Navarro,* for defendants.

OPINION OF THE COURT.

The injunction decreed by writ of April 12, last, was provisional, and could produce legal effects only until the injunction applied for had been decided upon; wherefore an order

having been entered on May 2 denying the same and leaving without effect the injunction previously decreed, it is evident that said injunction can have no legal effect notwithstanding the appeal taken and allowed from aforesaid order of May 2.

The writ of *mandamus* applied for is denied, with costs against the petitioner.

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.